IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL RAY CHAVEZ,

     Petitioner,                      No. CIV S-09-2048 GGH P

     vs.

JOHN HAVILAND,

     Respondent.                  ORDER

_____/

     Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

     Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

     The petition raises the following claims: 1) ineffective assistance of counsel; 2) jury instruction error; 3) cumulative error; 4) Cunningham error. According to the petition, only the ineffective assistance of counsel and jury instruction claims have been presented to the California Supreme Court.

/////

1   The exhaustion of state court remedies is a prerequisite to the granting of a
2 petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must
3 be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion,
4 thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by
5 providing the highest state court with a full and fair opportunity to consider all claims before
6 presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512
7 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

8   The court cannot consider petitioner's unexhausted cumulative error and
9 Cunningham claims. Petitioner may either voluntarily dismiss these claims and proceed with the
10 exhausted claims or move to stay this action while he returns to state court to exhaust the
11 unexhausted claims.

12   In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005) the United States
13 Supreme Court found that a stay and abeyance of a mixed federal petition should be available
14 only in the limited circumstance that good cause is shown for a failure to have first exhausted the
15 claims in state court, that the claim or claims at issue potentially have merit and that there has
16 been no indication that petitioner has been intentionally dilatory in pursuing the litigation.
17 Rhines, supra, at 277-78, 125 S.Ct at 1535.

18   If petitioner wishes to exhaust his unexhausted claims, he must file a motion for
19 abeyance pending exhaustion addressing the factors discussed in Rhines, supra (good cause,
20 claims meritorious, diligence in pursuing litigation). If petitioner chooses to abandon these
21 claims, he must file a statement to that effect.

22   Petitioner has requested the appointment of counsel. There currently exists no
23 absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d
24 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at
25 any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing
26 § 2254 Cases. In the present case, the court does not find that the interests of justice would be
served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's motion to proceed in forma pauperis (no. 3) is granted;

2. Petitioner's motion for appointment of counsel (no. 2) is denied;

3. Within thirty days petitioner shall file either a motion to stay or a motion to voluntarily dismiss his unexhausted claims.

DATED: August 7, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

chav2048.110