IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL RAY CHAVEZ,

    Petitioner,                             No. CIV S-09-2048-JAM-TJB

    vs.

JOHN HAVILAND,

    Respondent.                            <u>ORDER</u>

_____/

      On July 24, 2009, Petitioner Michael Ray Chavez, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Pet'r's Pet., ECF No. 1. On November 13, 2009, Respondent filed an answer to the petition, *see* Resp't's Answer, ECF No. 14, to which Petitioner filed a traverse on February 1, 2010. *See* Pet'r's Traverse, ECF No. 19.

      On September 10, 2010, findings and recommendations were issued, recommending that Petitioner's petition be denied. *See* Findings & Recommendations, ECF No. 21. Any objections to the findings and recommendations were originally due on or before October 1, 2010. Petitioner did not file his motion for an extension of time to file objections to the findings and recommendations until October 26, 2010. *See* Pet'r's Mot., Oct. 26, 2010, ECF No. 22. This was Petitioner's first of four motions for an extension of time.

1

1    On October 28, 2010, Petitioner's untimely motion for an extension of time was granted,
2    based on Petitioner's allegations that access to certain legal documents and the law library was
3    limited. Petitioner had until November 27, 2010, to file objections to the findings and
4    recommendations. The order granting Petitioner's extension of time stated that no further
5    extensions of time would be given absent verified and extraordinary good cause shown. Order 1,
6    Oct. 28, 2010, ECF No. 23.
7    On November 22, 2010, Petitioner filed his second motion for an extension of time to file
8    objections to the findings and recommendations. *See* Pet'r's Mot., Nov. 22, 2010, ECF No. 24.
9    Petitioner claimed again that limited access to the law library prevented him from filing
10   objections. *See id.* at 2.
11   On December 1, 2010, Petitioner's second extension of time was granted, provided,
12   however, no further extensions of time would be granted on the grounds raised in Petitioner's last
13   two motions for extension of time. *See* Order, Dec. 1, 2010, ECF No. 25.
14   On December 27, 2010, Petitioner filed his third motion for an extension of time to file
15   objections to the findings and recommendations. *See* Pet'r's Mot., Dec. 27, 2010, ECF No. 26.
16   Petitioner claimed that the third request was based "on different grounds than the two previous
17   extensions granted to him." *Id.* Petitioner asserted that he was "finally released from
18   Administrative Segregation just a few days ago and [was] now housed again with the General
19   Population . . . ." *Id.* Petitioner requested an extension of time to "obtain[] professional legal
20   counsel to represent him." *Id.*
21   On January 6, 2011, Petitioner's third motion for an extension of time was granted. *See*
22   Order, Jan. 6, 2011, ECF No. 27. Petitioner was to hire new counsel or file objections to the
23   findings and recommendations on or before February 5, 2011. *See id.* at 2. Petitioner failed to
24   file anything until February 11, 2010, when Petitioner filed a motion to appoint counsel. *See*
25   Pet'r's Mot., Feb. 11, 2011, ECF No. 28.
26   Petitioner did not file his fourth motion for an extension of time to file objections to the

findings and recommendations until February 14, 2011.  *See* Pet'r's Mot., Feb. 14, 2011, ECF No. 29.  In this fourth motion for an extension of time, Petitioner claims his access to legal documents and the law library was limited.  *See id.*  Petitioner also alleges he "does not understand the ways of the courts nor law nor does he understand the procedure or process of them.  Petitioner is seeking help and relief from the courts due to his mental problems and lack of concentration and understanding." *Id.* at 2-3.

First, Petitioner's request for appointment of counsel is denied.  As stated in the January 6, 2011, order, the Sixth Amendment right to counsel does not apply in habeas corpus actions.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  A district court, however, may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require," and such person is financially unable to obtain representation.  18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is within the district court's discretion.  *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

Appointment of counsel is not warranted in this case.  Petitioner's claims are typical claims arising in a habeas petition and are not especially complex.  This is not an exceptional case warranting representation on federal habeas review.  Petitioner's request for appointment of counsel is denied.

Second, Petitioner's fourth request for an extension of time to file objections to the findings and recommendations is denied.  Petitioner had over five months to hire counsel or to file objections, since the findings and recommendations were issued on September 10, 2009.  Two out of four of Petitioner's motions for extension of time were untimely, as he admits, and his ability to file four motions for extensions of time belie Petitioner's claim that "he does not understand the ways of the courts nor law nor . . . procedure or process of them." Pet'r's Mot.,

1  Feb. 14, 2011, at 2-3.  Petitioner does not need extensive law library access or legal counsel to
2  file objections because Petitioner could have used arguments from his direct appeal to file
3  objections to the findings and recommendations.  Petitioner can only address issues in his
4  objections that are exhausted in the lower state courts, *Johnson v. Zenon*, 88 F.3d 828, 829 (9th
5  Cir. 1996) (citations omitted), and appellate counsel already addressed these issues on direct
6  appeal.  Petitioner's fourth request for an extension of time to file objections to the findings and
7  recommendations is denied.

8  IT IS HEREBY ORDERED that:

9  1.  Petitioner's February 11, 2011, request to appoint counsel is DENIED; and

10  2.  Petitioner's February 14, 2011, request for an extension of time is DENIED.

14  DATED:  February 22, 2011.

TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE

4